**Robert JONES, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–87.**

United States Court of Veterans Appeals.

May 3, 1993.

Robert Jones, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Rudrendu Sinhamhapatra, were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

MANKIN, Associate Judge:

Appellant appeals an October 4, 1991, Board of Veterans' Appeals (Board or BVA) decision which denied entitlement to an effective date earlier than December 4, 1987, for a grant of a permanent and total disability rating for pension purposes. The Secretary of Veterans Affairs filed a motion for summary affirmance. The Court has jurisdiction over this case pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

On June 12, 1985, the Board denied entitlement to a permanent and total disability evaluation for pension purposes. On December 4, 1987, appellant submitted a new claim for pension benefits. By rating decision of March 21, 1988, appellant was granted non-service-connected disability pension with an effective date of December 4, 1987. Appellant appealed the rating board's decision to the BVA, claiming entitlement to the pension award as of December 1983.

Under the general rule set forth in 38 U.S.C.A. § 5110(a) (West 1991), an award based on an original claim or a claim reopened after final adjudication cannot be effective "earlier than the date of receipt of application therefor." *See also* 38 C.F.R. § 3.400 (1992). In the decision now on appeal before the Court, the BVA determined that, in view of the finality of the 1985 BVA decision, the effective date of appellant's award of pension was December 4, 1987, the date of receipt of his new claim. Even assuming the procedural irregularity claimed by appellant with regard to the notification requirement of 38 U.S.C.A. § 7104(e) (West 1991), the effective date of appellant's pension award is dependent on the date appellant was deemed unemployable, which is the date of reopening of his claim.

After consideration of the pleadings of both parties and the record, Court holds that appellant has not demonstrated that the BVA committed legal or factual error that would warrant reversal or remand. The Court is also satisfied that the BVA decision complies with the "reasons or bases" requirement of 38 U.S.C.A. § 7104(d)(1) (West 1991) and the benefit of the doubt

doctrine of 38 U.S.C.A. § 5107(b) (West 1991). *See Gilbert v. Derwinski*, 1 Vet. App. 49 (1990). The decision of the BVA is AFFIRMED.